# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUD WTR, INC., <br><br> Plaintiff, <br><br> v. <br><br> MUD LLC and DOES 1-10, inclusive, <br><br> Defendants, <br><br> And Related Counterclaims | **Case No. 23-cv-02033 (PAC)** <br><br> [PROPOSED] <br> **STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

HON. PAUL A. CROTTY, District Judge:

**WHEREAS**, all of the parties to this action (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

**WHEREAS**, the Parties, through counsel, agree to the following terms; and

**WHEREAS**, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

**IT IS HEREBY ORDERED** that the Parties to this action, their respective officers, agents, servants, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1.  With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential"

1

or "Attorneys' Eyes Only" pursuant to this Order, no person subject to this Order may disclose such Discovery Material to anyone else except as expressly permitted hereunder.

2. The Party or person producing or disclosing Discovery Material (each, "Producing Party") may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is business, financial, strategic, proprietary, or otherwise sensitive non-public information, or a trade secret. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL." (All such information and documents shall be referred to herein as "Confidential Information.").

3. Counsel for any party may designate any document or information, in whole or in part, as highly confidential only if counsel determines, in good faith, that the document or information contains non-public and highly confidential business, financial, strategic, proprietary, or otherwise commercially sensitive information, trade secrets, or other similar information not generally known and that, in the good faith judgment of counsel, is substantially likely to cause injury to the commercial, financial, strategic, or business interests of such disclosing party or its employees, customers, or clients if disclosed. Information and documents designated by a party as highly confidential will be stamped "ATTORNEY'S EYES ONLY." (All such information and documents shall be referred to herein as "Attorney's Eyes Only Information.")

4. The Producing Party or person may designate as Attorneys' Eyes Only the portion of such material that it reasonably and in good faith believes contains highly sensitive business or personal information, the disclosure which is likely to cause significant harm to an individual or to the business or competitive position of the designating party.

5.	With respect to the Confidential or Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" or "Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

6.	A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential or Attorneys' Eyes Only Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Attorneys' Eyes Only Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Attorneys' Eyes Only" in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential and Attorneys' Eyes Only.

7.	If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential or Attorneys' Eyes Only some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, all persons subject to this Order will treat

such designated portion(s) of the Discovery Material as Confidential or Attorneys' Eyes Only. In addition, the Producing Party shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Attorneys' Eyes Only" designation within two business days of providing such notice.

8. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

9. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

    a. the Parties to this action and their insurers, if any;

    b. counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    c. outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

    d. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

    e. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    f. any witness in this action to whom disclosure is reasonably necessary, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto.

g. any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

h. stenographers engaged to transcribe depositions the Parties conduct in this action; and

i. this Court, including any appellate court, its support personnel, and court reporters.

10. Where a Producing Party has designated Discovery Material as Attorney' Eyes Only, other persons subject to this Order may disclose such information only to the following persons:

a. counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

b. outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

c. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

d. any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto and provided such person is not currently an employee of, or advising or discussing employment with, or consultant to, any Party or any competitor or

5

        potential transaction counterparty of any Party, as far as the expert or consultant can reasonably determine;

e.      stenographers engaged to transcribe depositions the Parties conduct in this action;

f.      this Court, including any appellate court, its support personnel, and court reporters;

g.      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy; and

h.      as to any document, the Receiving Party may present Attorneys' Eyes Only Discovery Material to any witness of the Producing Party to whom disclosure is reasonably necessary.

11.      To the extent that testimony is sought concerning Attorneys' Eyes Only Discovery Material during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Attorneys' Eyes Only Discovery Material may not be disclosed to such persons under the terms of this Protective Order.

12.      Before disclosing any Confidential or Attorneys' Eyes Only Discovery Material to any person referred to in subparagraphs 8(d), 8(f), 8(g), 9(c), or 9(d) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain copies of each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.  Witnesses shall not retain any copy of documents containing Confidential or Attorneys' Eyes Only information, except that they may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts.

13. This Order binds the Parties and certain others to treat as Confidential or Attorneys' Eyes Only any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential or Attorneys' Eyes Only treatment to any Discovery Material designated as Confidential or Attorneys' Eyes Only hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential or Attorneys' Eyes Only.

14. Should any Confidential or Attorneys' Eyes Only information be disclosed to any person or party not authorized under this Order, then the disclosing party shall use its best efforts to bind such unauthorized person to the terms of this Order, and the disclosing party shall: (a) promptly inform such person of all the provisions of this Order; (b) immediately advise the producing party of the Confidential or Attorneys' Eyes Only Information so disclosed and to whom the disclosure was made; (c) request such person to sign a non-disclosure agreement in the form attached hereto as Exhibit A; and (d) attempt to retrieve all copies of documents and things containing the disclosed information.

15. In filing Confidential or Attorneys' Eyes Only Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential or Attorneys' Eyes Only Discovery Material (collectively, "Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. In accordance with Rule 7(A) of the Court's Individual Practices, the Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy

copies of the Confidential Court Submission. In accordance with Rule 7(A) of this Court's Individual Practices, any Party that seeks to file Confidential or Attorneys' Eyes Only Discovery Material under seal must file a motion explaining the reasons for filing under seal.

16. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 3(C) of this Court's Individual Practices.

17. Recipients of Confidential or Attorneys' Eyes Only Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

18. Nothing in this Order will prevent any Party from producing any Confidential or Attorneys' Eyes Only Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

19. Each person who has access to Discovery Material designated as Confidential or Attorneys' Eyes Only pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

20. Within 60 days of the final disposition of this action—including all appeals— all recipients of Confidential or Attorneys' Eyes Only Discovery Material must either return it— including all copies thereof— to the Producing Party, or, upon permission of the Producing Party, destroy such material— including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential or Attorneys' Eyes Only Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential or Attorneys' Eyes Only Discovery Material. Any such archival copies that contain or constitute Confidential or Attorneys' Eyes Only Discovery Material remain subject to this Order.

21. If a Producing Party discloses information in connection with this Action that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection (collectively, "Privileged Information"), the mere disclosure of that privileged Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Privileged Information and its subject matter.

22.     Upon discovering the disclosure of Privileged Information, a Producing Party must promptly notify the Receiving Party, in writing, that it has disclosed that Privileged Information without intending a waiver by the disclosure.  Upon receipt of such notice, the Receiving Party must—unless it in good faith contests the claim of privilege pursuant to Paragraph 21 below— promptly (a) notify the Producing Party that it will make best efforts to identify and return, sequester, or destroy (or in the case of electronically stored information, delete) the Privileged Information and any reasonably accessible copies it has and (b) provide a certification that it will cease further review, dissemination, and use of the Privileged Information.  Withing five (5) business days following the Receiving Party's receipt of the notice, the Producing Party must explain to the Receiving Party as specifically as possible the basis for asserting privilege.

23.     If the Receiving Party contests the claim of Privileged Information, the Receiving Party may move the Court for an order determining that the Privileged Information is not, in fact, privileged.  In connection with any such motion, the parties must comply with the Court's Individual Practices for Discovery Motions. Pending resolution of any such motion , the Receiving Party shall not use the challenged information in any way, including in submissions to the Court, or disclose it to any person other than those required by law. The Producing Party retains the burden of establishing the privileged or protected nature of the Privileged Information.

24.     Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

25.     This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Confidential or Attorneys' Eyes Only Discovery Material is produced or disclosed.

26. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED** this 13th day of February, 2024.

_____     *Celyra Myers*_____

*Counsel for Mud Wtr., Inc.*                           *Counsel for Mud LLC*

**SO ORDERED.**

Dated: February 22, 2024          *Paul A. Crotty*_____
New York, New York                        HON. PAUL A. CROTTY
                                          United States District Judge

11

Exhibit A<br>
to Stipulated Confidentiality<br>
Agreement and Protective<br>
Order

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MUD WTR, INC.,<br><br>      Plaintiff,<br><br>v.<br><br>MUD LLC and DOES 1-10, inclusive,<br><br>      Defendants,<br><br>And Related Counterclaims | Case No. 7:23-cv-02033 (PAC)<br><br>**NON-DISCLOSURE AGREEMENT** |

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____
Name:
Date:

1